**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Pablo HERNANDEZ–ROMO,**
**Defendant–Appellant.**

**No. 15–10454**

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2016 *

FILED June 20, 2016

Christina Marie Cabanillas, Assistant U.S. Attorney, USTU—Office of the US Attorney, Tucson, AZ, for Plaintiff–Appellee.

Juan Pablo Hernandez–Romo, Great Plains Correctional Facility, Hinton, OK, for Defendant–Appellant.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Juan Pablo Hernandez–Romo appeals from the district court's judgment and challenges his guilty-plea conviction and 37–month sentence for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Hernandez–Romo's counsel has filed a brief

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Hernandez–Romo the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Hernandez–Romo waived his right to appeal his conviction and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable issue as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986–88 (9th Cir. 2009). We accordingly dismiss the appeal. *See id.* at 988.

Counsel's amended motion to withdraw is **GRANTED**.

**DISMISSED.**

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.